# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KELLY M. LANDIS,<br><br>            Plaintiff,<br><br>vs.<br><br>LUXOR RESORT AND CASINO, et al.,<br><br>           Defendants. | Case No. 2:16-cv-02401-APG-GWF<br><br>**ORDER AND REPORT<br>AND RECOMMENDATION**<br><br>Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (ECF No. 1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on October 14, 2016.

## BACKGROUND

Plaintiff's complaint alleges that she has suffered from harassment, discrimination, and retaliation from coworkers and a manager of Luxor Resort and Casino—her employer. Plaintiff asserts that she was harassed by coworkers due to her disability, gender, religion, and age, that she notified the corporate hotline and government agencies regarding the harassment she was suffering, and that she was unlawfully retaliated against by Defendants who allegedly, with the help of the beverage manager, falsified customer complaints against her.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**III.    Instant Complaint**

It appears that Plaintiff seeks to pursue claims of harassment, discrimination, and retaliation on the basis of her religion, gender, disability, and age under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Title VII, ADA, and ADEA discrimination claims require a showing of an unlawful employment practice such as, *inter alia*, discriminating against an individual with respect to his or her terms, conditions, privileges, compensation, or employment opportunities, because of such individual's religion, gender, age, or disability. Title VII, the ADA, and the ADEA limit civil liability to the employer. *See* 42 U.S.C. § 2000e–2(a), § e-5(g). *See also* 42 U.S.C. § 12112; 29 U.S.C. § 623. Plaintiffs cannot sue individuals under Title VII, the ADA or the ADEA. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"); *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014) ("The ADA, however, does not authorize the recovery of monetary damages as to individual defendants."); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587–88 (9th Cir.1993). (holding that individual defendants cannot be held liable for damages under the ADEA). Rather, Plaintiff may only bring suit against her employer, who is liable for the actions of its employees under the respondeat superior theory of liability. Therefore, Plaintiff's claims against Defendants Shannon Fitzmyer, Sujoy Brahma, and Bill Miller should be dismissed with prejudice. The Court will, however, screen Plaintiff's complaint to determine if she has sufficiently alleged claims of

discrimination, harassment and retaliation against Defendant Luxor.

**A.     Retaliation**

As to Plaintiff's claims of retaliation under Title VII, the ADA, or the ADEA, Plaintiff asserts that she was unlawfully terminated out of retaliation for her complaints to the corporate hotline and government agencies against the harassing coworkers.  Title VII prohibits employers from discriminating against an employee because that employee has opposed any practice made unlawful under Title VII or because he has made a charge or participated in an investigation or proceeding alleging discrimination.  *See* 42 U.S.C. § 2000e-3(a).  To state a claim of retaliation under Title VII, the ADA, and/or the ADEA, a plaintiff must allege that (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).  Given Plaintiff's engagement in the protected activity of filing a harassment and discrimination complaint, the fact she was fired which constitutes an adverse employment action, and Plaintiff's allegations that the two were causally connected, Plaintiff has sufficiently pled a claim of retaliation against Defendant Luxor.

**B.     Discrimination/Harassment**

**1.     Title VII**

To state a claim of discrimination under Title VII, a plaintiff must plead that (1) she is a member of a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), as amended (Aug. 11, 1998).  Plaintiff has not made the requisite showing.  While Plaintiff does allege that she was discriminated against and harassed based on her gender and religion, she fails to state any other facts to satisfy the remaining factors.

**2.     ADA**

The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities.  42 U.S.C. § 12112(a).  To qualify for relief under the ADA, a plaintiff must

show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability." *Puckett v. Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v. Countrywide Home Loans*, Inc., 220 F.33d 1154, 1156 (9th Cir. 2000)). A disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C). Plaintiff does not specify what disability she suffers from nor does she adequately assert that an adverse employment action occurred as a result of her disability. Plaintiff only states that two other employees of Luxor "refused to perform their job duties wit [sic] regard to [her]." This is not enough to properly plead a claim for disability discrimination.[1]

### 3. ADEA

To state a claim of discrimination under the ADEA, a plaintiff must plead that (1) she was at least forty years old, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201, 1207 (9th Cir.2008). Plaintiff fails to allege enough factual basis as to her age, job performance, and whether she was discharged under circumstances giving rise to an inference of age discrimination.

As discussed above, Plaintiff has failed to make an adequate showing of discrimination and harassment under Title VII, the ADA or the ADEA. Therefore, the Court will dismiss Plaintiff's complaint against Defendant Luxor with leave to amend to correct the noted deficiencies.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

---

[1] The Court can infer that Plaintiff was terminated from her employment with Luxor based on the relief she seeks. However, Plaintiff is advised to clarify any adverse employment actions taken against her if she chooses to file an amended complaint.

prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff is advised that litigation will not commence upon the filing of an amended complaint.  Rather, the Court will conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e).  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This  Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's claims of retaliation may proceed as to Defendant Luxor Resort and Casino.

**IT IS FURTHER ORDERED** that Plaintiff's claims of discrimination and harassment be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **November 2, 2017** to file an amended complaint correcting the noted deficiencies.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendant, Luxor Resort and Casino, named in the Complaint (ECF No. 1-1) and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101.  After

Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its attorney if it has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or its counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants Shannon Fitzmyer, Sujoy Brahma, and Bill Miller be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of October, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge